**Signed: May 05, 2006**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                     No. 06-40163 TK
                                          Chapter 7
MARIA ESTHER QUINTERO,

        Debtor.
_____/

**MEMORANDUM OF DECISION**

This Memorandum addresses the consequences of a secured creditor's failure to provide a chapter 7 debtor in a case subject to the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") with the disclosures required by 11 U.S.C. § 524(k). For the reasons stated below, the Court denies the above-captioned debtor's request that it approve her reaffirmation agreement with National Auto Finance ("National"). The Court also holds that National may not repossess its collateral as a result of the Court's failure to approve the reaffirmation agreement. The reasons for the Court's decision are set forth below.

**DISCUSSION**

The debtor (the "Debtor") filed a bankruptcy petition on February 13, 2006. As a result, her case is governed by the

amendments to the Bankruptcy Code enacted by BAPCPA. On or about April 4, 2006, the Debtor submitted a reaffirmation agreement (the "Agreement") to the Court for its approval. The Agreement was signed by the Debtor on March 9, 2006 and by National on March 28, 2006. The Agreement represented that the debt was secured by a 2003 Mitsubishi Lancer (the "Car"). It did not list a value for the Car. However, in her bankruptcy schedules, the Debtor valued the Car at approximately $8,000. The Agreement listed the debt to be reaffirmed as $11,824.70.

Under the Bankruptcy Code prior to BAPCPA, assuming the Debtor was current on her payments, the Court would not have approved the Agreement. In In re Parker, 139 F.3d 668 (9th Cir. 1998), the Ninth Circuit Court of Appeals held that a bankruptcy court did not err by refusing to approve a debtor's agreement to reaffirm a debt secured by her car. It agreed with the bankruptcy court that it was not in the debtor's best interest to reaffirm the debt because, as long as the debtor maintained payments on the car, the car could not be repossessed. Reaffirming the debt would provide no advantage to the debtor, only the disadvantage that the debtor would be liable for any deficiency if the car were repossessed and sold at a foreclosure sale for less than the debt. See id. at 671-73. This holding has been referred to as the "pay and drive" option. As noted by the Parker court, the Second, Fourth, and Tenth Circuits had previously concluded that a chapter 7 debtor could "pay and drive." The Fifth, Seventh, and Eleventh Circuits had reached a contrary conclusion. Id. at 672 (citing cases).

2

BAPCPA endeavored to eliminate the "pay and drive" option. Thus, as amended by BAPCPA, section 521(a) provides, in pertinent part, that:

> (a) **the debtor shall**--
> ...
> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate-
>     (A) within thirty days after the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that...the debtor intends to reaffirm debts secured by such property;
>     (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;....
> ...
> (6) in a case under chapter 7 of this title in which the debtor is an individual, **not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor**, not later than 45 days after the first meeting of creditors under section 341(a)...
>     (A) **enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property;**...
> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law....[Emphasis added.]

See 11 U.S.C. § 521(a).

As amended by BAPCPA, section 362(h)(1) provides, in pertinent part:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim...and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)–
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will [retain]...such personal property...[and] enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property...; and
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

See 11 U.S.C. § 362(h)(1).

Section 524(k) is a new section, which was added by BAPCPA. It specifies a series of disclosure that must be provided to the debtor concerning the debt to be affirmed and the reaffirmation process. It also includes a form of motion, declaration, and proposed form of order. As the Court reads section 524(k), all of these items are to be provided to the debtor by the secured creditor at or before the reaffirmation agreement is signed by the debtor. As amended by BAPCPA, section 524(c) provides, in pertinent part:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only...if –

4

```
                ...
                (2) the debtor received the disclosures
        described in subsection (k) at or before the
        time at which the debtor signed the
        agreement;....
```

See 11 U.S.C. § 524(c).

Given the elimination of the "pay and drive" option, the Court would be prepared to approve the Agreement if the Agreement were enforceable. It appears that the Debtor can afford to make the monthly payments and apparently needs the Car for transportation to work. However, as the Court reads section 524(c)(2), the Agreement is unenforceable. The Agreement does not contain the required disclosures nor does it contain a motion, declaration, or proposed form of order. The Court inquired of the Debtor at the hearing on approval of the Agreement whether National had given her any other disclosure documents. She said that National had not done so.[1]

Moreover, this problem cannot be solved by National providing the disclosures now together with a new reaffirmation agreement. The deadlines for the Debtor to act have already passed. The Debtor complied with those deadlines with respect to the Agreement but would be unable to do so with respect to a new agreement. See 11 U.S.C. § 521(a)(2).

The question then presented is whether National may repossess the Car even if the Debtor is not in default on her payments based on the Court's failure to approve the Agreement. The Bankruptcy Code

---

[1] National was given notice of this hearing but did not appear. See 11 U.S.C. § 524(m)(1)(reafffirmation agreement may not be denied approval without hearing on notice to debtor and creditor).

5

is ambiguous on this point. However, the only reasonable conclusion is that National may not do so. BAPCPA includes in its title the phrase "consumer protection." The addition of section 524(k) is probably the primary protection provided to chapter 7 debtors by BAPCPA. Congress cannot have intended to leave it within a secured creditor's power to thwart a chapter 7 debtor's attempt to retain her car and reaffirm her debt by failing to comply with the requirement that the creditor supply the debtor with the expanded disclosures at the appropriate time.

This conclusion is not inconsistent with the express language of the statute. Section 521(a)(6) provides only that a debtor may not retain the collateral unless the debtor enters into a reaffirmation agreement. It does not require the reaffirmation agreement to be approved. This conclusion is also consistent with section 362(h)(1)(B) which provides that the automatic stay does not terminate and the collateral remains property of the estate if the debtor has offered to enter into an agreement to reaffirm the debt on the same terms provided by the contract and the creditor has refused. By failing to comply timely with section 524(k), National has in effect refused to enter into an enforceable reaffirmation agreement with the Debtor.

**CONCLUSION**

The Agreement is not approved. However, National is prohibited from repossessing the Car based on the failure of the Court to approve the Agreement.

END OF DOCUMENT

6

```
                        COURT SERVICE LIST

Steven L. Jacobs
Law Offices of Steven L. Jacobs
Sanwa Bldg. #350
14895 E 14th St.
San Leandro, CA 94578

Maria Esther Quintero
P.O. Box 265
Pleasanton, CA 94588

National Auto Finance
c/o Nuvell Financial Services Corp.
P.O. Box 7100
Little Rock, AR 72223-7100

John Kendall
2411 Santa Clara Avenue
Suite 12
Alameda, CA 94501
```